IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| RAYSHAWN DONALDSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:17CV366 |
| | ) | 1:15CR381-1 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner was convicted in this Court of one count of possession of a firearm after a felony conviction in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). The Court sentenced Petitioner to 180 months of imprisonment. Petitioner now brings a Motion (Docket Entry 28) to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 based on the United States Supreme Court's decision in Johnson v. United States, 576 U.S. ____, 135 S. Ct. 2551 (2015), and subsequent cases. Petitioner also filed a Motion (Docket Entry 28) seeking an appointment of counsel in this matter. Petitioner's Motion under § 2255 is now before the Court for initial screening and review.

Rule 4(b), Rules Governing Section 2255 Proceedings, states:

> If it plainly appears from the face of the motion . . . that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

Although the rule in Johnson applies in Petitioner's case, he still cannot receive relief for the reasons that follow.

Petitioner's only claims in his Motion are that his prior convictions in North Carolina for breaking and entering no longer qualify as predicate offenses supporting his sentence under the Armed Career Criminal Act, which provides for enhanced penalties if a defendant convicted for possessing a firearm as a felon has three prior convictions for a "violent felony or a serious drug offense, or both, committed on occasions different from one another. . . ." 18 U.S.C. § 924(e)(1). A crime is a "serious drug offense" if it "involv[es] manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance" and carries "a maximum term of imprisonment of ten years or more." 18 U.S.C. § 924(e)(2)(A). Before Johnson, a crime was a "violent felony" if it was punishable by imprisonment of more than a year and "has as an element the use, attempted use, or threatened use of physical force against the person of another" or "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(1)(B)(i) and (ii). However, Johnson invalidated as unconstitutionally vague the "residual clause" of the statute, which covered offenses that "otherwise involve[] conduct that presents a serious potential risk of physical injury to another." Johnson, 135 S. Ct at 2563.

Petitioner contends that the striking of the residual clause by Johnson, combined with the later cases of Mathis v. United States, ___ U.S. ___, 136 S. Ct. 2243 (2016), and United States v. White, 836 F.3d 437 (4th Cir. 2016), invalidates his North Carolina breaking and

entering predicates. However, Johnson does not affect North Carolina breaking and entering convictions because such convictions qualify as predicate convictions under § 924(e)'s enumerated clause, not its invalidated residual clause, and are always violent felonies under § 924(e). United States v. Mungro, 754 F.3d 267, 272 (4th Cir. 2014) ("The ACCA defines 'violent felony' to include, as relevant here, any offense that 'is burglary'" and "N.C. Gen. Stat. § 14–54(a), as interpreted by the North Carolina Supreme Court, sweeps no more broadly than the generic elements of burglary . . . . N.C. Gen. Stat. § 14–54(a) therefore qualifies as an ACCA predicate offense under 18 U.S.C. § 924(e)(2)(B)(ii)."); United States v. Bowden, 975 F.2d 1080, 1085 (4th Cir. 1992) ("[C]onvictions under North Carolina law for breaking or entering under N.C.G.S. § 14-54 qualify as generic burglaries under the *Taylor* case and justify an enhancement of punishment under § 924(e)(2)(B)(ii)."). Petitioner's Motion as it relates to Johnson should be dismissed because his "argument is foreclosed by [the] decision in" Mungro. United States v. Jones, 669 F. App'x 110, 111 (4th Cir. 2016).

As for Petitioner's argument that Mathis and White provide relief, this too fails. Those cases involved burglary statutes in Iowa and West Virginia and concluded that they extended more broadly than generic burglary because they covered vehicles and enclosures beyond buildings and other structures. North Carolina's statute covers only buildings. See Bowden, 975 at 1084 (holding that N.C. Gen. Stat. § 14–54(a) meets the "definition of generic burglary insofar as it requires that the crime be directed against a building"). Thus, Mathis and White do not call Mungro into question and Petitioner's Motion should be

dismissed. In light of this recommended dismissal pursuant to Rule 4(b), Rules Governing Section 2255 Proceedings, the United States need not respond. Petitioner's Motion requesting an appointment of counsel will also be denied. The Clerk will notify Petitioner of this Order and Recommendation, his right to file objections, and any ultimate dismissal and entry of judgment.

IT IS THEREFORE ORDERED that Petitioner's Motion (Docket Entry 30) seeking an appointment of counsel is denied.

IT IS RECOMMENDED that Petitioner's Motion (Docket Entry 28) to vacate, set aside or correct sentence be denied and that judgment be entered dismissing the action.

This, the 25th day of April, 2017.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**